UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRIS JACKSON, individually and on behalf of all others similarly situated, | CASE NO.: 1:24-cv-00533 |
| Plaintiff, | **NATIONWIDE CLASS ACTION COMPLAINT** |
| v. | 1. Violation of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*) |
| MATTRESS SKINNY, INC. DBA HASSLELESS MATTRESS | |
| Defendant. | |

Plaintiff Chris Jackson (hereinafter "Plaintiff" or "Mr. Jackson"), individually and on behalf of all others similarly situated, by his attorneys, asserts the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on his personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff Chris Jackson is a legally blind individual who relies upon auxiliary aids and services such as screen reading software, accessible electronic and information technologies, and other effective methods of making visually delivered materials available to persons who are blind or have low vision. Defendant Mattress Skinny, Inc. Dba Hassleless Mattress ("Hassleless Mattress" or "Defendant") discriminated against Mr. Jackson and its other legally blind customers. Specifically, at each of Defendant's thirty-one (31) "employee-free showrooms" throughout Wisconsin, Indiana, and Illinois, the company conducts business exclusively through identical self-service kiosks (the "Kiosk"). These Kiosks allow sighted customers to order and pay for mattresses, bed frames, bedding, pillows, and other related accessories, without the assistance of an employee or

third party. *See* https://www.hassleless.com/. However, the Kiosks lack any accessible features – such as, for example, tactile keypad or audio output, that would allow a legally blind persons to utilize them. Nor does Defendant offer its legally blind customers any other form of effective communication (such as qualified readers) at any of its 31 "employee-free showrooms."

2. Mr. Jackson brings this action individually and on behalf of all legally blind customers of Defendant to compel it to modify its discriminatory policies, practices and/or procedures to ensure that legally blind individuals such as himself receive effective communication so that they may benefit from Hassleless Mattress' goods and/or services in a fashion comparable to the Company's sighted customers. Mr. Jackson seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations.

3. Mr. Jackson visited Defendant's store and was denied full and equal access as a result of Defendant's inaccessible Kiosks.

4. Defendant's Kiosks do not contain the necessary technology that would enable a legally blind person to process a transaction independently and without the assistance of others in the same manner afforded to those without visual impairments. Importantly, Defendant does not have any employees available to aid legally blind customers in accessing the Kiosks. Rather, Hassleless Mattress utilizes an identical yet inaccessible automated kiosk at each of its 31 showroom locations. These Kiosks lack any accessible features that would allow legally blind customers to use them.

5. In the wave of automation and self-service shopping made possible by technological advances in recent years, self-service kiosks are becoming an increasingly prominent and popular way for consumers to shop. Despite available accessible technology, Hassleless Mattress has chosen to rely on a touch-screen visual interface that

lacks any accessibility features. Hassleless Mattress's sighted customers can order and pay for Defendant's products without the assistance of others. In contrast, its legally blind customers, such as Mr. Jackson, must rely on sighted companions or total strangers to assist them accessing Hasseless Mattress' goods and services. In order to complete a transaction at the Kiosks, legally blind individuals must provide their credit cards or cash to third parties individuals – usually complete strangers – who can assist them, if any are even present.

6.  By failing to make its Kiosks accessible to legally blind persons, Defendant, a public accommodation subject to Title III of the ADA, deprives legally blind individuals the full benefits of Defendant's goods and services—all benefits it affords sighted individuals—thereby increasing the sense of isolation and stigma among these Americans that Title III of the ADA was meant to redress.

7.  Hassleless Mattress has demonstrated through its interactions with Mr. Jackson that it has adopted a policy and/or pattern and practice of refusing to provide accessible Kiosks for its visually impaired customers, and that this decision, on information and belief, is based purely on financial considerations.

8.  Defendant does not provide any employees to manage their stores, nor the Kiosks. *See* https://www.hassleless.com/.

9.  Defendant's discrimination sends a message that it is acceptable for companies to adopt policies, procedures, and/or practices that deprive legally blind individuals of the opportunity to fully access and enjoy Defendant's goods and/or services. This discrimination is especially pronounced as the Kiosks are marketed to be "hassle-free thanks to our employee-free showrooms" and the kiosks described to be "easy shop kiosks." Specifically, the Hassleless Mattress website boasts that: "We can sell for less because we don't have employees in our stores." https://www.hassleless.com/; *see also* https://www.facebook.com/Hassleless/videos/2346745162211478/ ("Enjoy all the benefits of shopping locally AND shopping online together in one salesperson-free

3

mattress store.").

10. The ADA expressly contemplate injunctive relief aimed at modification of a policy, practice and/or procedure that Plaintiff and the Class seek in this action. In relevant part, the ADA states:

> Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . .

42 U.S.C. § 12188(a)(2).

11. Consistent with 42 U.S.C. § 12188(a)(2), Mr. Jackson seeks a permanent injunction requiring that:

> a. Defendant take all steps necessary to bring its touchscreen kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Kiosks are fully accessible to, and independently usable by individuals with visual disabilities, through the implementation of necessary technology that would enable legally blind persons to process a transaction in a manner that ensures the same degree of personal privacy afforded to those without visual impairments and use the Kiosks and without the assistance of others in the same manner afforded to those without visual impairments;
>
> b. Defendant modifies its existing policies, practices and/or procedures to ensure that the accessibility barriers at Defendant's Kiosks do not reoccur; and
>
> c. Mr. Jackson's representatives shall monitor Defendant's Kiosks to ensure that the injunctive relief ordered pursuant to Paragraph 11.a. and 11.b. has been implemented and will remain in place.

12. Mr. Jackson's claims for permanent injunctive relief are asserted as a nationwide class claim pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically

intended to be utilized in civil rights cases where a plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

Fed. R. Civ. P. 23(b)(2).

## **PARTIES**

13. Plaintiff Chris Jackson is, and at all times relevant hereto was, a resident of Chicago, Illinois. As described above, Mr. Jackson was born with glaucoma, and has been legally blind at all times relevant hereto. Like many other legally blind individuals, Mr. Jackson relies upon auxiliary aids and services such as screen reading software, accessible electronic and information technologies, staff assistance, and/or other effective methods of communication to be as independent as possible.

14. He is therefore members of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq.*.

15. Defendant Mattress Skinny, Inc. dba Hassleless Mattress is a Wisconsin corporation, registered to do business in Illinois, with its principal place of business located at 6800 Industrial Loop. Greendale, Wisconsin, 53129. Mattress Skinny, Inc. dba Hassleless Mattress operates employee-free stores with that sell mattresses, bed frames, bedding, pillows, and other related accessories throughout the United States.

16. Defendant's stores are places of public accommodation subject to the ADA's

requirements. 42 U.S.C. §12181(7)(E). The Kiosks themselves are places of public accommodation. *Id.*. Thus, Defendant is subject to the requirements of Title III of the ADA.

## FACTUAL BACKGROUND

**Mr. Jackson Has Been Denied Full and Equal Access to Defendant's Kiosks**

17. Mr. Jackson visited the Hassleless Mattress store at 1747 N. Sheffield Avenue, Chicago, Illinois, 60614 in August 2023, and attempted to use the Kiosk to research and purchase a mattress. Because of its inaccessible features, Mr. Jackson was unable to operate the Kiosk to research and purchase a mattress. Defendant provides no employees to staff their stores, thus, there was no one there to help Mr. Jackson access the Kiosk.

18. As a result of Defendant's failure to ensure effective communications with Plaintiff, and denial of auxiliary aid and services, he received services that were objectively substandard, inaccessible, and inferior to those provided to sighted patients, and did not receive the benefit of researching and purchasing a mattress from Hassleless Mattress; he was thus subjected to discriminatory treatment because of his disability.

19. Despite this difficulty, frustration, and unequal treatment, Mr. Jackson will seek Hassleless Mattress's services in the future, whether by choice or necessity, due to the convenience of Defendant's stores and Kiosks, and his need to shop for a new mattress. He plans to return to Defendant's Kiosks, including at 1747 N. Sheffield Avenue, Chicago, Illinois, 60614, but is deterred from doing so due to the discrimination he has faced and expects to face in the future. Furthermore, Plaintiff intends to return to Defendant's Kiosks to ascertain whether they remain in violation of accessibility standards.

**Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendants' Goods and/or Services**

20. As the owner and manager of its Kiosks and website, Defendant employs

centralized policies, practices, and/or procedures with regard to its company-wide policy of deploying inaccessible Kiosks.

21. Though Defendant may have centralized policies regarding the maintenance and operation of its Kiosks and website, Defendant has never had a plan or policy that is reasonably calculated to make its Kiosks fully accessible to, and independently usable by, legally blind individuals.

22. As a result of Defendant's non-compliance with the ADA, Mr. Jackson and other members of the Class have been denied the benefit of full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations. They have also been denied participation in and have been treated unequally by the Defendant, and Defendant has failed to provide effective and accessible auxiliary aids or services that protect Plaintiff's privacy.

23. If Defendant's Kiosks were accessible, *i.e.,* if Defendant removed and remediated the access barriers described above, Plaintiff and other Class members could privately access Defendant's goods and services.

24. Unfortunately, Defendant denies approximately 8.1 million[1] Americans who have difficulty seeing access to its goods, products, and services because the Kiosks are not readily accessible and usable by legally blind persons.

## JURISDICTION AND VENUE

25. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court has supplemental jurisdiction over state law claims pursuant

---

[1] Press Release, United States Census Bureau, Nearly 1 in 5 People Have a Disability in the U.S., Census Bureau Reports *Report Released to Coincide with 22nd Anniversary of the ADA* (Jul. 25, 2012), available at https://www.census.gov/newsroom/releases/archives/miscellaneous/cb12-134.html (last accessed January 8, 2024) ("About 8.1 million people had difficulty seeing, including 2.0 million who were blind or unable to see.").

7

to 28 U.S.C. § 1367.

26. Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district. Specifically, Defendant is registered to do business in California and has many locations throughout the state, including in this judicial district.

27. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2). Defendant is subject to personal jurisdiction in this District because Defendant does substantial business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendant engaged in the extensive promotion, marketing, distribution, and sales of the services at issue in this District.

## **CLASS ASSERTIONS**

28. Mr. Jackson brings this matter on behalf of himself and those similarly situated.

29. The Nationwide Injunctive Class is defined as:

All legally blind individuals who were directly exposed to Defendant's Kiosks in the United States during the applicable limitations period but could not utilize them because the kiosks lack any accessible features that would allow a legally blind person to use them (the "Nationwide Injunctive Class").

Plaintiff reserves the right to amend or modify the Nationwide Injunctive Class definition in connection with a motion for Class certification and/or the result of discovery.

30. This action should be certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) for the Nationwide Injunctive Class. It satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

    A. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of visually impaired individuals who are Class Members who have been harmed and suffered

discrimination due to Defendant's failure to comply with the ADA's auxiliary aids and services requirements.

  B. <u>Commonality</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are denied their civil rights to full and equal access to, and use and enjoyment of Defendant's goods and/or services due to Defendant's failure to make its kiosks fully accessible and independently usable as described above.

  C. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the proposed Nationwide Injunctive Class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

  D. <u>Adequacy</u>: Plaintiff is an adequate Class representative. None of his interests conflict with the interests of the Class Members he seeks to represent; Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class—all of whom are similarly situated legally blind individuals, and they have a strong interest in vindicating their own and others civil rights—and he has retained counsel that is competent and experienced in complex class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

31. Class certification of the Nationwide Injunctive Class is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on or refused to act on grounds generally applicable to the Class, making appropriate declaratory, injunctive, and equitable relief with respect to Plaintiff and the Class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ADA, TITLE III
## [42 U.S.C. §§ 12101 *et seq.*]

32. Mr. Jackson restates each and every assertion set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

33. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.* was in full force and effect and applied to Defendant's conduct.

34. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendant's conduct.

35. At all times relevant to this action, Mr. Jackson has been substantially limited in the major life activities of seeing. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

36. Defendant owns, leases, and/or operates stores that contain Kiosks that allow customers to research and order mattresses and related products. These stores and Kiosks are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(E).

37. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

38. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

39. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of

the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

40. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

41. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

42. Pursuant to Title III of the ADA and its implementing regulations, in order to be effective, the type of auxiliary aid or service provided by the public accommodations "must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii). To this end, the Ninth Circuit has explained, "assistive technology is not frozen in time: as technology advances, [ ] accommodations should advance as well." *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1163 (9th Cir. 2011).

43. Auxiliary aids and services include, but are not limited to, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, other effective methods of making visually delivered materials available to individuals who are blind or have low vision, and other similar services and actions. 28 C.F.R. §§ 36.303(b)(2), (4).

44. Defendant discriminated against Mr. Jackson on the basis of his disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation, and equal

opportunity to participate in and benefit from Defendant's services in selling mattresses and related products, in violation of the ADA.

45. Defendant further discriminated against Plaintiff by failing to ensure effective communication through the specific provision of accessible and effective auxiliary aids and services.

46. Defendant has violated Title III by, without limitation, failing to take the steps necessary to make its Kiosks readily accessible and usable by legally blind persons, thereby denying individuals with visual disabilities the benefits of the Kiosks and accessing mattresses and related products, providing Plaintiff with benefits that are not equal to those it provides sighted individuals, and denying them effective communication.

47. Defendant has further violated Title III by, without limitation, utilizing administrative methods, practices, and policies that allow its Kiosks to be made available without consideration of consumers who can only participate in and benefit from Defendant's services in selling mattresses and related products, with screen-reader programs.

48. Making its Kiosks readily accessible and usable by legally blind persons does not change the content of Defendant's Kiosks or result in making the service different, but rather enables individuals with visual disabilities to access Kiosks that Defendant already provides.

49. As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional visually impaired persons.

50. Mr. Jackson is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, pray for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Kiosks were fully accessible to, and independently usable by, legally blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), which directs Defendant to take all steps necessary to bring its Kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Kiosks are fully accessible to, and independently usable by legally blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiff are described more fully in paragraph 11, *supra*.

c. A permanent injunction enjoining Defendant from continuing its discriminatory conduct;

d. An Order certifying the classes proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

e. Payment of costs of suit;

f. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505, and Civ. Proc. Code § 1021.5, including costs of monitoring Defendant's compliance with the judgment (*see Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, Case No. 2:16-cv-01898-AJS (W.D. Pa. Jan. 11, 2018) (ECF 191) ("Plaintiffs, as the prevailing party, may file a fee petition before the Court surrenders jurisdiction. Pursuant

to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), *supplemented*, 483 U.S. 711 (1987), the fee petition may include costs to monitor Defendant's compliance with the permanent injunction."); *see also Kouri v. Federal Express Corporation*, Case No. 2:21-cv-08066-SPG-JEM (C.D. Cal. 2021) at Dkt. 58-1 (same); *Chapman v. Tasty Hut, LLC, et al.*, Case No. 1:22-cv-00208-WO-LPA (M.D.N.C. 2022) at Dkt. No. 31-3 ¶ 8 (same); *Access Now, Inc. v. Lax World, LLC*, No. 1:17-cv-10976-DJC (D. Mass. Apr. 17, 2018) at Dkt. 11 (same);

g.  An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders; and,

h.  The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: January 22, 2024            Respectfully Submitted,

*/s/ Benjamin J. Sweet*
Benjamin J. Sweet (SBN 87338)
ben@nshmlaw.com
Callum T. Appleby (SBN 329514)
callum@nshmlaw.com
**NYE, STIRLING, HALE, MILLER & SWEET LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Phone: (412) 857-5350

*Attorneys for Plaintiff*